UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID HENDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DETECTIVE JOHN WILLIAMS, OFFICER ELDRIGE, OFFICER GRAHAM, MERIDEN POLICE DEPARTMENT, CITY OF MERIDEN, ATTORNEY TURCOTT, and ATTORNEY SETH GARBINSKI,<br><br>    Defendants. | No. 3:10-cv-01574 (MPS) |

## MEMORANDUM OF DECISION[1]

Plaintiff David Henderson brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from his arrest and prosecution on state charges related to prostitution. Pending before the Court are Defendants' Motion to Dismiss [Dkt. # 78] and three requests/motions related to the Motion to Dismiss, i.e., Plaintiff's Request for Status Report [Dkt. # 92], Plaintiff's Request for Judicial Notice [Dkt. # 94], and Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to the Motion to Dismiss [Dkt. # 96].

Defendants' Motion to Dismiss turns on whether the state criminal charges brought against Plaintiff were "terminated favorably." Resolution of that issue requires consideration of evidence outside the pleadings, including the transcripts of the state court hearings at which those charges were addressed. Therefore, the Court gave notice to the parties under Federal Rule of Civil Procedure 12(d) that it would treat Defendants' Motion to Dismiss as a motion for summary judgment and provided the parties the opportunity to present all material pertinent to a

---

[1] The case caption misspells Defendant Eldridge's and Defendant Garbarsky's names. The Court will use the correct versions of the parties' names in this Memorandum of Decision.

motion for summary judgment. (*See* Feb. 6, 2013 Order [Dkt. # 103].) Review of the state court transcripts and other evidence in the record demonstrates that the state criminal charges brought against Plaintiff were not "terminated favorably," and thus Plaintiff's claims for false arrest, malicious prosecution, and unlawful restraint fail as a matter of law. Further, Defendants are immune from Plaintiff's negligence claim. Therefore, as discussed further below, the Court GRANTS Defendants' Motion to Dismiss/Motion for Summary Judgment and DENIES the remaining motions as moot.

**I.     Background**

According to the operative complaint, the Meriden Police Department began investigating Plaintiff in December 2008 for alleged prostitution-related activity at a club known as the "2041 Club." As part of the investigation, in January 2009, Defendants Eldridge and Graham[2] allegedly entered the "2041 Club" and paid for sex on seven separate occasions. After six encounters between Defendants Eldridge and Graham and the dancers at the "2041 Club," Defendants Eldridge and Graham obtained arrest warrants for various individuals, including Plaintiff. After obtaining the arrest warrants, but before raiding the "2041 Club," Defendants allegedly decided that a seventh "sexual session" was needed. After the seventh encounter, Defendants raided the "2041 Club," arrested Plaintiff, searched the premises, and seized various property. (*See* Am. Compl. [Dkt. # 76].)

---

[2] To date, Plaintiff has failed to serve Defendants Eldridge and Graham in accordance with Fed. R. Civ. P. 4(e). (*See* Waiver of Service Returned as Unexecuted [Dkt. # 14].) Under Fed. R. Civ. P. 4(m), Plaintiff had 120 days after the filing of his complaint to serve Defendants Eldridge and Graham. That deadline passed on February 2, 2011, and there is no evidence that either Defendant has been served. Therefore, Plaintiff's complaint is dismissed as against Defendants Eldridge and Graham. *See* Fed. R. Civ. P. 4(m).

Defendants Turcott and Garbarsky were dismissed from this action after the Court (Bryant, J.) granted their Motion to Dismiss for Lack of Prosecution. (*See* June 15, 2011 Order [Dkt. # 27].)

Plaintiff was arrested on the following charges: (1) "promoting prostitution in the 2nd degree in violation of Connecticut General Statutes § 53a-87"; (2) "conspiracy to commit prostitution in the 2nd degree"; (3) "permitting prostitution in violation of Connecticut General Statutes § 53a-89"; (4) "conspiracy to permit prostitution"; (5) "violation of Connecticut General Statutes § 53a-189a(a)(2)"; (6) "violation of Connecticut General Statutes § 53a-189b"; (7) "violation of Connecticut General Statutes § 53-395, the Corrupt Organization and Racketeering Act (CORA)"; (8) "interfering"; and (9) "tampering with a witness in violation of Connecticut General Statutes § 53a-151."  (S. Garbarsky Aff. ¶¶ 7-10 [Dkt. # 78-2]; *see also* Pl.'s Opp'n to Mot. to Dismiss at 2 [Dkt. # 89].)

On May 2, 2012, Plaintiff pleaded guilty to the three felony counts numbered above as charges (1) "promoting prostitution in the 2nd degree in violation of Connecticut General Statutes § 53a-87"; (2) "conspiracy to commit prostitution in the 2nd degree"; and (7) "violation of Connecticut General Statutes § 53-395," CORA.  (S. Garbarsky Aff. ¶¶ 7-11; *see also* Pl.'s Opp'n to Mot. to Dismiss at 2.)

Plaintiff asserts that, "to the best of [his] knowledge, a nolle was not entered" on the remaining charges and the State of Connecticut "simply never pursued" them.  (Pl.'s Opp'n to Mot. to Dismiss at 2.)  The State, however, has offered evidence demonstrating that a nolle prosequi was entered on the remaining charges as part of an agreement that required Plaintiff to plead guilty to the three felonies, (*see* S. Garbarsky Aff. ¶ 11), and Plaintiff has failed to offer evidence that would create a disputed issue of fact on this point.  Further, the transcripts from the sentencing hearings demonstrate that Plaintiff's prior counsel and the State both requested that a nolle be entered on the remaining charges in connection with the plea agreement, and that a nolle

prosequi was entered.[3] The Court also asked Plaintiff if he understood that the remaining charges would be nolled, and Plaintiff answered affirmatively. (Mar. 7, 2011 Hr'g Tr. at 13.)

Plaintiff asserts four claims in his Amended Complaint. In Count One, Plaintiff alleges that he was falsely arrested and held on charges that were not supported by probable cause.

---

[3] *See* Mar. 7, 2011 Hr'g Tr. at 10-11 [Dkt. # 78-3]:
ATTORNEY MCDONALD: I just want to make sure that all open files will be nolled upon sentencing.
THE COURT: Yes, I am going to get to that. There are two things before I accept the plea. One, I am going to want to know the conditions of probation. Two, I am going to want to know the disposition of all other counts and files.
ATTORNEY GARBARSKY: Fair enough. Do you want to know that at this time?
THE COURT: Yes, before I accept the plea.
ATTORNEY GARBARSKY: We are going to ask that the conditions be adopted, from the conditions of probation that he is currently on. I don't think that there needs to be any duplicative conditions ordered.
And with regard to the sentencing files the open files that are on today's docket the State, will enter nolles on those files at this time. As to the open counts, in the files, for which he pled, I will nolle those, at the time of the sentencing.
THE COURT: Okay. So, docket ending in 52265 which contain, two counts of 53a-189a(a)(2) and one count of 53a-189b, that file is being nolled today?
ATTORNEY GARBARSKY: Yes, your Honor.
THE COURT: In docket ending 256320, which contains one count of tampering with a witness, in violation of 53a-151, that is being nolled today?
ATTORNEY GARBARSKY: Yes, your Honor.

*See* May 2, 2011 Hr'g Tr. at 3-4 [Dkt. # 78-4]:
THE COURT: I have the total agreement that is all that I have. I don't have the breakdown, fifteen, five, and four. So I would use the CORA charge and then just make the other ones one year concurrent.
ATTORNEY GARBARSKY: That is fine, your Honor.
THE COURT: That is my plan. Mr. Henderson, is there anything you would like to say? Counsel, anything that you would like to say?
ATTORNEY MCDONALD: Your Honor, if we could just note on the record that the other charges were nolled or were not brought forward.
THE COURT: I have three charges, 53a-87, one count of that, one count of 53a-87 with a conspiracy add on, and one count of a CORA.
ATTORNEY MCDONALD: That is correct.
ATTORNEY GARBARSKY: Any charges that are outstanding in those files, or any other charges that are on today's docket for Mr. Henderson, the State will be entering nolles at this time.
THE COURT: All right. Nolles are noted on those charges.

4

Specifically, Plaintiff alleges that the State "abandoned" charges of promoting prostitution, voyeurism, and witness tampering and that his arrest on those charges was without probable cause. (Am. Compl. ¶¶ 21-25.) In Count Two, Plaintiff alleges that "Defendants were negligent in their investigation and charging of the Plaintiff for crimes the State never pursued." (*Id.* ¶ 26.) In Count Three, Plaintiff asserts a claim for malicious prosecution. (*Id.* ¶ 28.) And in Count Four, Plaintiff asserts a claim for unlawful restraint. (*Id.* ¶ 31.) Plaintiff seeks compensatory damages in the amount of $2.7 million and punitive damages in the amount of $5 million. (Am. Compl., Prayer for Relief.)

## II. Discussion

### A. Defendants' Motion to Dismiss

Defendants have moved to dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6). In support of that motion, Defendants attached evidence concerning the plea agreement entered into by Plaintiff and the State and the ultimate disposition of the charges. Specifically, Defendants attached an affidavit from Seth Garbarsky, Assistant State's Attorney for the State of Connecticut, who prosecuted the criminal charges in Connecticut Superior Court, and two transcripts from the sentencing hearings in the state case. To rely upon this evidence in its decision, the Court must treat Defendants' Motion to Dismiss as a motion for summary judgment. On February 6, 2013, the Court gave the parties notice that it might do so and an opportunity to present all material pertinent to the motion. (*See* Feb. 6, 2013 Order [Dkt. # 103]); *see also* Fed. R. Civ. P. 12(d). Neither party submitted any additional material. Having provided the parties fair notice, the Court will treat Defendants' Motion to Dismiss as a motion for summary judgment, and the Court will consider evidence from outside the pleadings.

Defendants argue that Plaintiffs' action should be dismissed because: (1) claims for false arrest and malicious prosecution require a showing that the prosecution was terminated in the plaintiff's favor, and the prosecution was not terminated in Plaintiff's favor; (2) the underlying state convictions have not been invalidated or called into question and therefore, under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff cannot recover damages for an allegedly unconstitutional conviction or imprisonment; (3) Defendant Williams is entitled to qualified immunity; and (4) Defendants are entitled to governmental immunity. (Defs.' Mot. to Dismiss at 4-10.)

### 1. False Arrest/Unlawful Restraint[4] and Malicious Prosecution

"To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Walker v. Sankhi*, 494 Fed. Appx. 140, 142 (2d Cir. 2012). Under Connecticut law, a plaintiff seeking to bring a malicious prosecution or false arrest claim must furnish proof that the underlying charges were terminated in his or her favor. *Miles v. City of Hartford*, 445 Fed. Appx. 379, 383 (2d Cir. 2011) ("favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest") (internal quotation marks omitted); *Roberts v. Babkiewicz*, 582 F.3d 418, 421 (2d Cir. 2009) ("To prevail on a malicious prosecution claim under Connecticut law, a plaintiff must prove … the criminal proceeding terminated in favor of the plaintiff…") (citing *McHale v. W.B.S. Corp.*, 187 Conn. 444, 446 (1982)).

---

[4] Plaintiff's claim for unlawful restraint is duplicative of his claim for false arrest, and therefore the Court will address those claims jointly. *See Pistorio v. Fleagane Enters.*, No. CV000504270, 2001 Conn. Super. LEXIS 1199, *1 n.1 (Conn. Super. Ct. Apr. 24, 2001) ("The unlawful restraint claim is merely duplicative of the false arrest and false imprisonment claims because 'false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.'") (quoting *Green v. Dunroe*, 186 Conn. 265, 267 (1982)).

Plaintiff does not argue that the three felonies to which he pleaded guilty were terminated in his favor. Rather, Plaintiff contends that the other charges were terminated in his favor because those charges "were simply never pursued." (Pl.'s Opp'n to Mot. to Dismiss at 2.) As discussed above, the record demonstrates that these other charges were nolled. Plaintiff has not offered any evidence to raise an issue of material fact on this point. The question before the Court is thus whether the nolled charges were "terminated in favor of the plaintiff."

Neither the Connecticut Supreme Court nor the Connecticut Appellate Court has ruled on this issue. This Court, however, has treated a nolle under Connecticut law as a favorable termination "as long as the abandonment of the prosecution was not based on an arrangement with the defendant." *Troland v. Whitehead*, No. 3:12-cv-822 (AVC), 2013 U.S. Dist. LEXIS 36717, *8 (D. Conn. Mar. 18, 2013); *Holman v. Cascio*, 390 F. Supp. 2d 120, 123-24 (D. Conn. 2005) (same). This appears to be the view of the majority of courts. *See Roberts*, 582 F.3d at 421 ("The majority of cases from Connecticut interpret Connecticut law so that a nolle prosequi satisfies the 'favorable termination' element as long as the abandonment of the prosecution was not based on an arrangement with the defendant.") Thus, a nolle may satisfy the favorable termination requirement, but only where "the abandonment of prosecution was <u>not</u> based on an arrangement with the defendant." *Id.* (emphasis added); *see also Holman*, 390 F. Supp. 2d at 123-24 ("[A] nolle will preclude a subsequent case for malicious prosecution when it is made as part of a plea bargain or under other circumstances that indicate that the defendant received the nolle in exchange for providing something of benefit to the state or victim.")

Here, the record demonstrates that the charges to which Plaintiff did not plead guilty were nolled as part of a plea agreement. (*See* S. Garbarsky Aff. ¶ 11, "In exchange for David Henderson agreeing to plead guilty to three felony counts … the State of Connecticut agreed to

7

nolle the remaining aforementioned criminal counts."; Mar. 7, 2011 Hr'g Tr. at 1, "Mr. Henderson has agreed to accept the Court's offer"; at 2, "there is a firm agreement here"); *see also* note 3 *supra*. Plaintiff has failed to submit any contrary evidence. Therefore, he cannot establish a false arrest/unlawful restraint claim or a malicious prosecution claim, and the Court GRANTS Defendants summary judgment on Counts One, Three, and Four.

### 2. Negligence

In Count Two, Plaintiff alleges that "[t]he Defendants were negligent in their investigation and charging of the Plaintiff for crimes the State never pursued." (Am. Compl. ¶ 27.) As discussed above, the evidence that the charges allegedly "never pursued" were actually nolled as part of a plea agreement – and not simply abandoned by the state – is undisputed. The evidence in the record thus undermines the sole asserted basis for the negligence claim. In any event, the Defendants, the City of Meriden and Detective Williams,[5] are entitled to immunity from Plaintiff's negligence claim because their alleged negligent conduct was discretionary in nature.

Conn. Gen. Stat. § 52-557n provides that "a political subdivision of the state shall not be liable for damages to person or property caused by … negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or

---

[5] As discussed above, Defendants Eldridge, Graham, Turcott, and Garbarsky have been dismissed from this action.

The Meriden Police Department is also dismissed from this action because it is not a legal entity distinct from the City of Meriden, which is already a defendant. *See Campbell v. S. Conn. State Univ.*, No. CV04500211S, 2007 Conn. Super. LEXIS 848, *3 n.2 (Conn. Super. Ct. Mar. 30, 2007) (holding that a police department "is not an entity separate from the municipality" that can be sued); *Rasmus v. Town of Plainville*, No. HHBCV044002902S, 2006 Conn. Super. LEXIS 3271, *23 n.6 (Conn. Super. Ct. Oct. 31, 2006) (same); *Weitz v. Greenwich Police Dep't*, No. CV040200464S, 2005 Conn. Super. LEXIS 70, *6-7 (Conn. Super. Ct. Jan. 10, 2005) (same).

impliedly granted by law."  Because the City of Meriden is a "political subdivision" under § 52-557n, *see Sawicki v. City of Meriden*, No. CV106002179S, 2013 Conn. Super. LEXIS 715, *6 (Conn. Super. Ct. Apr. 2, 2013), it is entitled to immunity if its alleged negligent acts were discretionary.  Detective Williams is also protected by qualified immunity if his alleged negligent conduct was discretionary.  *See Cotto v. Bd. of Educ.*, 294 Conn. 265, 272-73 (2009) ("Generally, a municipal employee is liable for the misperformance of ministerial acts, but has qualified immunity in the performance of governmental acts.  Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature.") (internal citation omitted).

Here, the alleged negligent conduct – the Meriden Police Department's and Detective Williams' investigation and arrest of Plaintiff – was discretionary, and the City of Meriden and Detective Williams are therefore immune from any negligence claims.  *See Beaubien v. City of Middletown*, No. MMXCV106002059S, 2012 Conn. Super. LEXIS 1973, *7 (Conn. Super. Ct. Aug. 1, 2012) ("The Superior Courts also have consistently held that the police department's investigation of crimes and their decisions to make arrests for them are clearly a discretionary rather than a ministerial function.")  The Court thus GRANTS summary judgment to Defendants on Count Two.

### B.     Remaining Motions

Plaintiff has filed a Request for Status Report and a Request for Judicial Notice, and Defendants have filed a Motion to Strike.  Because the Court grants Defendants summary judgment on all claims, the remaining motions are DENIED as moot.

**III.	Conclusion**

Defendants' Motion to Dismiss [Dkt. # 78], which this Court treats as a Motion for Summary Judgment, is GRANTED.  Plaintiff's Motion for Status Report [Dkt. # 92], Plaintiff's Motion for Judicial Notice [Dkt. # 94], and Defendants' Motion to Strike [Dkt. # 96] are DENIED as moot.  The Clerk is directed to close this case.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:	Hartford, Connecticut
	May 16, 2013